## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARLES BRIZENDINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CITY OF OMAHA; OMAHA POLICE** | ) | |
| **DEPARTMENT; THOMAS WARREN,** | ) | |
| **CHIEF OF POLICE, individually and in** | ) | **8:07CV277** |
| **his official  capacity; CITY ATTORNEY** | ) | |
| **PAUL D. KRATZ, individually and in his** | ) | |
| **official capacity; CITY  PROSECUTOR** | ) | |
| **MARTY CONBOY, individually and in** | ) | **MEMORANDUM** |
| **his official capacity; OMAHA POLICE** | ) | |
| **OFFICER FRANK PLATT, individually** | ) | **AND ORDER** |
| **and in his official capacity, OMAHA** | ) | |
| **POLICE OFFICER MICHAEL CURD,** | ) | |
| **individually and in his official capacity;** | ) | |
| **OMAHA POLICE OFFICER BRIAN** | ) | |
| **GERRITY; JOHN DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the magistrate judge by consent of the parties on the defendants'
Motion for Summary Judgment on the merits and based on qualified immunity [19].

In response, the plaintiff requested that his claims against the Omaha Police
Department, Thomas Warren, Chief of Police, City Attorney Paul D. Kratz, City Prosecutor
Marty Conboy, Omaha Police Officer Michael Curd, and Omaha Police Officer Brian Gerrity
be dismissed.  No objection to this request was made, and these claims will be deemed
withdrawn and dismissed pursuant to Fed. R. Civ. P. 41(a)(2).

As to plaintiff's remaining claims against Omaha Police Officer Frank Platt, the court has carefully considered the parties' written arguments and evidentiary materials and finds, pursuant to Fed. R. Civ. P. 56, that the motion for summary judgment should be denied.

## I.  NATURE OF THE CASE

Plaintiff, who is African-American, was arrested on May 19, 2006 by members of the Omaha Police Department.  He filed this action in the District Court of Douglas County, Nebraska seeking damages for assault and battery, false arrest, malicious prosecution, and violation of his civil rights pursuant to 42 U.S.C. § 1983.  The defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(b).  Defendant Platt contends he is entitled to qualified immunity and judgment as a matter of law on the merits of plaintiff's claims.

## II.  JURISDICTION

Defendants timely removed this action to federal court pursuant to 28 U.S.C. § 1446(b), and all named defendants joined in the removal.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Venue in this court is proper under 28 U.S.C. § 1391.

## III.  STANDARD OF REVIEW

### A.  Summary Judgment

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.  Fed. Rule Civ. Proc.

56(c)."  *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).  "Where the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine

issue for trial.'"  *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586-587 (1986) (footnote omitted)).  When opposing parties tell two different stories,

one of which is blatantly contradicted by the record[1], so that no reasonable jury could believe

it, a court should not adopt that version of the facts for purposes of ruling on a motion for

summary judgment.  *Id.*

### B.  Qualified Immunity

In determining whether an officer is entitled to qualified immunity, the court must

consider whether the facts alleged, taken in the light most favorable to the injured party,

show that the officer's conduct violated a constitutional right.  *Ngo v. Storlie*, 495 F.3d 597,

602 (8th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

If the court finds a violation of a constitutional right, the court determines whether the

constitutional right was clearly established.  *Ngo v. Storlie*, 495 F.3d at 602.  "'This second

step is a fact-intensive inquiry and must be undertaken in light of the specific context of the

case, not as a broad general proposition.'"  *Id.* (quoting *Samuelson v. City of New Ulm*, 455

F.3d 871, 875 (8th Cir. 2006)). The "dispositive inquiry in determining whether a right is

---

[1]In this case, none of the parties' stories are "blatantly contradicted by the record."

clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

### III. FACTS ALLEGED BY THE PLAINTIFF

Omaha Police Officers encountered Charles Brizendine on May 19, 2006 when they went to investigate an automobile collision involving Brizendine's vehicle. Brizendine had been rear-ended by an intoxicated driver named Brundy. Brizendine was with his 11-year-old son. When he was approached by Officer Platt, Brizendine was on his cell phone talking to his wife to have her come pick up their son so paramedics could transport Brizendine to the emergency hospital.

Officer Platt searched Brizendine's person and vehicle. Brizendine did have a gun in his vehicle; however, the gun was in plain sight, was registered, and he was authorized to carry it. He had always carried a gun on the dashboard in his vehicle whenever he collected cash payments from his landscaping customers. On May 19, 2006, he had the gun on the dashboard of his vehicle.

Brizendine was arrested by Officer Platt on charges of carrying a concealed weapon; however, the gun was in plain view and was not concealed. Criminal charges for that offense were subsequently filed against him by prosecutors for the City of Omaha. Brizendine's motion to suppress evidence was denied in state court. The state charges were dismissed after Officer Platt twice failed to appear to testify at trial.

After arresting Brizendine, Officer Platt placed Brizendine in handcuffs that were painfully tight. Platt seized Brizendine's wallet and a pouch from his waist, and examined the contents of his wallet and pouch. Brizendine had advised Officer Platt that he was authorized to carry the gun and that the registration was in his wallet.

Other officers had spoken to Brizendine at the scene of the accident and did not report smelling an odor of marijuana in the vehicle. Officer Platt did not ask Brizendine about any odor of marijuana he now says he smelled in Brizendine's vehicle. No tests were conducted to determine whether Brizendine was under the influence of an illegal substance.

Officer Platt is not trained to administer any form of test on suspects under the influence of illegal substance. No officer at the scene of the accident requested that a test be conducted to determine whether Brizendine had smoked marijuana or was under the influence of an illegal substance, although he was driving and involved in an accident. Officer Platt did request that Brundy, the driver who caused the accident, be tested because he was suspected to be in possession of crack cocaine.

Brizendine was transported to the police station and released on bond within couple of hours after his arrest and was free to go out and about driving.

Officer Platt did not do anything to help the 11-year-old boy leave the scene of the accident, although his father was being arrested. Platt did not secure medical attention for them; rather, Officer Platt said he would take care of it and asked the paramedics to leave.

Brizendine advised Officer Platt at the scene of the accident that he needed medical attention as a result of his accident injuries but Officer Platt ignored him.

The City of Omaha does not have in place any method of evaluating the reasons or reasonable cause of arrests stated by its officers.  Officer Kung, who approved the arrest report filed by Officer Platt regarding Brizendine did not question the reasonableness of the probable causes alleged by Officer Platt warranting the arrest, i.e. the smell of the odor of marijuana and the presence of a concealed weapon. The City of Omaha has not trained its officers on how to avoid profiling of suspects.

## IV.  DISCUSSION

The plaintiff is proceeding with official capacity and individual capacity claims against Officer Platt pursuant to 42 U.S.C. § 1983, based on allegations of unlawful arrest, unreasonable search and seizure, and use of excessive force.  Brizendine also asserts a state law claim against Officer Platt for malicious prosecution, over which this court may exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367.

Qualified immunity protects individual government officials from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official in the defendant's position would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  To determine whether an official is entitled to qualified immunity, two questions must be answered: (1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation

of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted. *Saucier v. Katz,* 533 U.S. at 201. Summary judgment may be denied on the issue of qualified immunity if there is a genuine issue of material fact as to whether a reasonable officer could have believed his actions to be lawful. *Ngo v. Storlie*, 495 F.3d at 602.

In this case, plaintiff Brizendine and Officer Platt are in substantial disagreement over the events of May 19, 2006. The plaintiff did not cause the collision; his vehicle was rear-ended by a drunk or impaired driver. Plaintiff states that he was with his 11-year-old son, was injured in the accident, was not using marijuana, had a registered gun on the dashboard in plain sight, was authorized to carry the gun, was denied medical treatment, and was placed in painfully tight handcuffs. Officer Platt states that he saw plaintiff move as if attempting to hide something under the front seat, the plaintiff's car smelled of marijuana, the plaintiff did not immediately get out of the car when asked to do so, and Platt found the gun hidden under the front seat of plaintiff's car. The Omaha City Prosecutor filed charges against Brizendine based on the information contained in Platt's reports; however, the charges were dismissed due to Platt's failure to appear to testify.

Plaintiff's section 1983 claims, including his claim for excessive force, implicate the fourth amendment to the United States Constitution, and the court must determine whether

Officer Platt's conduct was objectively reasonable under the particular circumstances. *See*

*Ngo v. Storlie*, 495 F.3d at 602.

> In assessing the reasonableness of the officer's conduct, we look at the totality
> of the circumstances, *Tennessee v. Garner*, 471 U.S. 1, 8-9, 105 S. Ct. 1694,
> 85 L.Ed.2d 1 (1985), focusing on factors such as "the severity of the crime at
> issue, whether the suspect poses an immediate threat to the safety of the
> officers or others, and whether [the suspect] is actively resisting arrest or
> attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S. Ct.
> 1865. We examine the reasonableness of the use of force "from the perspective
> of a reasonable officer on the scene, rather than with the 20/20 vision of
> hindsight." *Id*.

*Id*.

The court finds that issues of material fact remain over the circumstances of the

plaintiff's arrest, the search of his person and vehicle, whether the use of force was warranted

under the circumstances, and the amount of force that was used.

The court understands that plaintiff is asserting a pendant state law claim for

malicious prosecution against Officer Platt, in his individual capacity[2]; however, the

complaint was filed by prior counsel in state court and is not absolutely clear on this point.

The plaintiff will be given leave to file an amended complaint restating his claims against

Officer Platt and the City of Omaha if he wishes to do so.

---

[2]Within the Eighth Circuit, an action for malicious prosecution is not punishable under 42 U.S.C. § 1983
because it does not allege a constitutional injury. *See, e.g., Stagemeyer v. County of Dawson*, 205 F. Supp.
2d 1107, 1117 (D. Neb. 2002).

**IT IS ORDERED:**

1.      Plaintiff's claims against the Omaha Police Department, Thomas Warren, Chief of Police, City Attorney Paul D. Kratz, City Prosecutor Marty Conboy, Omaha Police Officer Michael Curd, and Omaha Police Officer Brian Gerrity are hereby dismissed pursuant to Fed. R. Civ. P. 41(a)(2).  Defendants' Motion for Summary Judgment [19] is denied as moot as to these defendants.

2.      Defendants' Motion for Summary Judgment [19] is denied as to the City of Omaha and Omaha Police Officer Frank Platt, individually and in his official capacity.

3.      The plaintiff may file an amended complaint restating his claims against the remaining defendants, i.e., the City of Omaha and Omaha Police Officer Frank Platt, individually and in his official capacity.  Any amended complaint shall be filed and served no later than **October 15, 2008.**


**DATED September 25, 2008.**

                                                **BY THE COURT:**

                                                **s/ F.A. Gossett**
                                                **United States Magistrate Judge**