IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES BRIZENDINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:07CV277 |
| vs. | ) | |
| | ) | |
| CITY OF OMAHA and OMAHA | ) | MEMORANDUM |
| POLICE OFFICER FRANK PLATT, | ) | AND ORDER |
| individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the magistrate judge by consent of the parties on the Motion for

Summary Judgment (Doc. 78) filed by defendants City of Omaha and Officer Frank Platt,

and the plaintiff's response in opposition (Doc. 83).

The Amended Complaint (Doc. 64) alleges that plaintiff was arrested by defendant

Platt on May 19, 2006 and charged with the crime of carrying a concealed weapon.   Platt

failed to appear for the trial of the case on two occasions, and the charge was dismissed on

August 25, 2006.  Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of his Fourth

Amendment rights, based on allegations of unlawful arrest, false imprisonment, abuse of

process, negligence, gross negligence, and unreasonable search and seizure, and use of

excessive force.  Plaintiff also asserts state tort law claims against Officer Platt.

Defendants contend they are entitled to summary judgment because:

1.    Plaintiff is collaterally estopped from relitigating the issue of probable cause, as

the issue of probable cause for arrest was decided against him in the state court criminal

proceeding after a full and fair hearing on the merits;

2.    The police officers had probable cause to search plaintiff's vehicle;

3.    Plaintiff's state law tort claims are barred by the Nebraska Political Subdivision Tort Claims Act, Neb. Rev. Stat. § 13-901, *et seq*.; and

4.    The defendant officer is entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' "  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  The proponent is not required to negate the opponent's claims or defenses. *Id*. at 324-25.

In response to the proponent's showing, the opponent must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249- 50, 106 S.Ct. 2505 (citations omitted).

## LEGAL ANALYSIS

### A.  Probable Cause and Qualified Immunity

The evidentiary materials now offered on the issues of probable cause and qualified immunity are virtually the same as those filed in conjunction with the defendants' earlier motion for summary judgment based on qualified immunity.  Again, the defendants' statement of uncontroverted facts relies heavily on the January 25, 2008 affidavit of defendant Platt.

The plaintiff was deposed after the court denied the defendants' prior motion for summary judgment based on qualified immunity.  Plaintiff's deposition testimony was that Platt "would have had to have gone in my car" (59:21) in response to the question, "You don't have any doubt that he had went in the car and found a gun?"

Plaintiff and defendant Platt remain in substantial disagreement over what actually happened on May 19, 2006. There have been no material changes in the factual record or the case law on the issues of probable cause and qualified immunity. The court finds that issues of material fact remain over the circumstances of the plaintiff's arrest, the search of his person and vehicle, whether the use of force was warranted under the circumstances, and the amount of force that was used.

**B.   Collateral Estoppel**

Brizendine was arrested and prosecuted in the Douglas County Court, Case No. CR06-17580, for Carrying a Concealed Weapon (the "Criminal Case"). In the Criminal Case, plaintiff, through counsel, filed motions to suppress evidence and statements. (Doc. 79, Exhibit 4). The County Court denied the motions to suppress (Doc. 79, Exhibit 5), but dismissed the Criminal Case on August 25, 2006 after defendant Platt failed to appear for trial. (*See* Doc. 79, Exhibit 6). The County Court subsequently ordered that plaintiff's gun be returned to him. *Id.*

Defendants argue that plaintiff is now precluded from raising the issue of probable cause for arrest because the issue was determined by the County Court, after a full and fair hearing on the merits. In federal court, a state court judgment is given "the same preclusive effect it would be given under the law of the state in which it was rendered." *Crumley v. City of St. Paul*, 324 F.3d 1003, 1006 (8th Cir. 2003). Under Nebraska law,

collateral estoppel will preclude further litigation of a specific issue if (1) the identical issue was decided in a prior action; (2) there was a final judgment on the merits; (3) the party against whom the rule is to be applied was a party to, or is in privity with a party to, the prior action; and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.

*Ashton Optical Imports, Inc. v. Incite Int'l, Inc.*, 266 F. Supp. 2d 1027, 1031 (D. Neb. 2003)

(citing *Woodward v. Andersen*, 261 Neb. 980, 627 N.W.2d 742, 749 (2001)); *see also*

*W.F.M., Inc. v. Cherry County, Nebraska*, 279 F.3d 640, 643 (8th Cir. 2002).

In this case, there was no final judgment on the merits in the Criminal Case. While the County Court denied plaintiff's pretrial motions to suppress, the court record now offered by the defendants indicates only that the motions were denied. The County Court record does not articulate the reason for the court's ruling, and contains no specific finding that there was probable cause to arrest the plaintiff. The issues raised in the suppression motions remained triable on the merits. The bare fact that the County Court denied plaintiff's motions to suppress, and the dismissal of the Criminal Case prior to trial for reasons unrelated to the merits, do not allow the defendants to invoke the doctrine of collateral estoppel in this case.

## C. Political Subdivision Tort Claims Act

The Amended Complaint alleges:

The acts and conducts of defendants hereinbefore alleged constitute assault, batter[y], false arrest, false imprisonment, abuse of process, negligence, gross negligence, prima facie tort under the laws of the State of Nebraska.

(Doc. 64 at ¶ 15). In response, the defendants affirmatively alleged:

11.  The allegations asserting tort claims based on Nebraska state law are barred by the provisions of the Nebraska Political Subdivision Tort Claims Act, Neb. Rev. Stat. § 13-901, et seq., because Plaintiff failed to comply with the notice and claim requirements of Neb. Rev. Stat. sections 13-905, 13-906, 13-919, and 13-920.

* * * *

13.  The allegations asserting tort claims based on Nebraska state law are barred by the provisions of Neb. Rev. Stat. § 13-910(7).

Plaintiff concedes that his state law tort claims against the City of Omaha are barred under the Political Subdivisions Tort Claims Act ("PSCTA").  (Doc. 84 at p. 9 § II.A.).

The requirements of the PSCTA also apply when an official is sued in his or her individual capacity, but is performing within the scope of employment.  *Cole v. Hopkins*, 2001 WL 1262356 at *5  (Neb. Ct. App., Oct 23, 2001) (citing *Cole v. Wilson*, 10 Neb. App. 156, 627 N.W.2d 140 (2001)).

The PSCTA provides a list of claims for which sovereign immunity is not waived. "These exceptions to the PSTCA's waiver of sovereign immunity include: 'Any claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" *McKenna v. Julian*, 277 Neb. 522, 528, 763 N.W.2d 384, 389-90 (2009) (quoting Neb. Rev. Stat. 13-910(7)).  The court must "strictly construe the PSTCA in favor of the political subdivision and against the waiver of sovereign immunity." *Id.* at 528, 763 N.W.2d at 390.

Because it is apparent from the record that the actions of defendant Platt which form the basis of plaintiff's request for money damages arose within the scope of Platt's

employment as an Omaha police officer, the requirements of the PSTCA apply, and the defendants are entitled to summary judgment on plaintiff's state law claims.

## ORDER

In summary, the court finds that defendant Platt is not entitled to qualified immunity; the plaintiff is not collaterally estopped from litigating the issue of probable cause in this forum; and the defendants are entitled to summary judgment on plaintiff's state law claims.

**IT IS ORDERED** that defendants' Motion for Summary Judgment (Doc. 78) is granted as to plaintiff's state law claims and denied in all other respects.

**DATED October 9, 2009.**

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge