IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES BRIZENDINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:07CV277 |
| vs. | ) | |
| | ) | |
| CITY OF OMAHA and OMAHA | ) | MEMORANDUM |
| POLICE OFFICER FRANK PLATT, | ) | AND ORDER |
| individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the magistrate judge by consent of the parties on the defendants' Motion in Limine (Doc. 92).

Citing Rules 401, 402 and 403 of the Federal Rules of Evidence, the defendants ask that the court prohibiting the plaintiff from offering or eliciting evidence or commentary on the following topics:

1. The Criminal Case involving Plaintiff, *State v. Charles Brizendine*, Douglas County Court Case No. CR06 17580 (the Criminal Case);
2. The findings, impressions or opinions of the trial judge, attorneys, or any witnesses, relating to probable cause, motion(s) to suppress evidence, motions to continue, judgment, dismissal, or any other such finding, impression, or opinion regarding the ultimate disposition of the Criminal Case;
3. The proceedings in, or ultimate resolution of, the Criminal Case;
4. The procedural process resulting in final disposition of the Criminal Case;
5. Officer Frank Platt's employment history, history of disciplinary actions, or any other personnel or human resources, or employment record of any kind;

6. The phrase "racial profiling" or any form or derivative thereof, including but not limited to "race-based prosecution", "race-based law enforcement" or "race-based investigation";

7. Any reference to NEB.REV.STAT. § 28-1202[1]; and

8. Insurance for any liability of any Defendant.

Plaintiff did not file a response to the motion in limine, and the court has considered the motion in conjunction with the Order on Final Pretrial Conference and the parties' trial briefs. The Order on Final Pretrial Conference supersedes all pleadings and controls the subsequent course of the action, *see Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 (2007), and may be modified "only to prevent manifest injustice," Fed. R. Civ. P. 16(e).

The issues to be resolved at trial are

1. Whether any act of Frank Platt deprived the plaintiff of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution by
    a. arresting the plaintiff without probable cause;

---

[1] The version of Neb. Rev. Stat. § 28-1202 in effect when plaintiff was arrested provided, in relevant part:
**28-1202 Carrying concealed weapon; penalty; affirmative defense.**

(1)(a)   Except as otherwise provided in this section, any person who carries a weapon or weapons concealed on or about his or her person such as a revolver [or] pistol ..., or any other deadly weapon commits the offense of carrying a concealed weapon.

(b)   It is an affirmative defense that the defendant was engaged in any lawful business, calling, or employment at the time he or she was carrying any weapon or weapons and the circumstances in which such person was placed at the time were such as to justify a prudent person in carrying teh weapon or weapons for the defense of his or her person, property, or family.

(2)   This section does not apply to a person who is the holder of a valid permit issued under the Concealed Handgun Permit Act if the concealed weapon the defendant is carrying is a handgun as defined in section 69-2429.

(3)   Carrying a concealed weapon is a Class I misdemeanor.

(4)   In the case of a second or subsequent conviction under this section, carrying a concealed weapon is a Class IV felony.

Neb. Rev. Stat. §28-1202 (Reissue 2008).

    b. using excessive force against the plaintiff; or

    c. unreasonably searching the plaintiff's car.

2. If defendant Platt did violate the plaintiff's constitutional rights,

    a. whether the deprivation was proximately caused by a policy, practice or custom of the City of Omaha;

    b. the damages, if any, proximately caused by the deprivation (specifically, attorney's fees incurred by the plaintiff in the Criminal Case);

    c. whether the act or actions proximately causing the deprivation were performed maliciously or with reckless disregard for plaintiff's rights, so as to entitle plaintiff to recover punitive damages; and

    d. whether plaintiff is entitled to recover attorney fees under 42 U.S.C. § 1988.

Under Fed. R. Evid. 402, with certain exceptions, all relevant evidence[2] is admissible at trial. Evidence which is not relevant is inadmissible. Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

I find that the defendants' motion should be granted in part.

As to the resolution of the state court Criminal Case, the plaintiff will be allowed to testify in his case in chief that he was charged with carrying a concealed weapon, that the case was dismissed, that the weapon was returned to him, and the amount of attorney's fees

---

[2]The term "relevant evidence" is defined as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

he incurred as the result of the filing of the Criminal Case. He may not comment beyond that factual information in his opening statement or in his case in chief.

The defendants' objections to potential references to Neb. Rev. Stat. § 28-1202 are not specifically discussed in their brief. The plaintiff has argued throughout the course of this litigation that he had a license or permit to carry the handgun in question. The motion in limine is denied as to this topic, without prejudice to the defendants renewing the motion prior to the commencement of trial.

Pursuant to Fed. R. Evid. 402 and 403, the court finds that plaintiff may not comment in opening statement or offer evidence in his case in chief as to:

- The findings, impressions or opinions of the trial judge, attorneys, or any witnesses, relating to probable cause, motion(s) to suppress evidence, motions to continue, judgment, dismissal, or any other such finding, impression, or opinion regarding the ultimate disposition of the Criminal Case;

- Officer Frank Platt's employment history, history of disciplinary actions, or any other personnel or human resources, or employment record of any kind;

- The phrase "racial profiling" or any form or derivative thereof, including but not limited to "race-based prosecution", "race-based law enforcement" or "race-based investigation."

The motion in limine is also granted as to the topic of liability insurance. *See* Fed. R. Evid. 411.

These rulings apply only to opening statements and the plaintiff's case in chief. The plaintiff is not precluded from inquiring on any of these topics on cross-examination of defense witnesses or in his rebuttal case, if the defendant "opens the door" to the inquiry.

**IT IS SO ORDERED.**

**DATED November 2, 2009.**

                                                 **BY THE COURT:**

                                                 **s/ F.A. Gossett**
                                                 **United States Magistrate Judge**